ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 12 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.

RAMONA C. JOHNSON        (01)
NEKIA N. EVERSON         (02)

No. 4:14-CR-071-A
**(Supersedes Indictment returned
on July 23, 2014)**

SUPERSEDING INDICTMENT

The Grand Jury Charges:

Introduction

At all times material to this indictment:

1.   The Internal Revenue Service (IRS), an agency of the Treasury Department of the United States of America, was responsible for processing tax returns and for assessing and collecting taxes owed by individuals and business entities including income taxes.

2.   The IRS relied upon information in tax returns filed by individuals and tax preparers to properly assess and collect taxes.

3.   The IRS's Electronic Filing (E-File) program permitted a taxpayer to file a U.S. Individual Income Tax Return, Form 1040, electronically.   An electronically filed income tax return consisted of electronically transmitted data, as well as certain paper documents, such as an IRS e-file Signature Authorization, IRS Form 8879, which were sent to the IRS.

4.   IRS Form 8879 included certain tax information, such as adjusted gross income, total tax, federal tax withheld, and refund due or amount owed.   IRS Form 8879 also

**Superseding Indictment - Page 1 of 25**

served as the taxpayer's consent to have his or her federal income tax return electronically transmitted to the IRS.

5.   E-File is the automated electronic filing system created by the IRS.   In order to electronically file tax returns with the IRS, a return preparer must complete an application process to become an authorized electronic filer of income tax returns.   Upon approval of the application, the requestor becomes an Electronic Return Originator (ERO) and is assigned an Electronic Filing Identification Number (EFIN), which was required to be included on all E-File returns and which the IRS uses to identify and monitor ERO activity. E-File returns were transmitted to the IRS only with IRS approved software.

6.   To file an E-File return, a taxpayer provided his or her tax information to an ERO.   The ERO would enter the taxpayer's return information into a computer, which generated the electronic return.   The return information was then transmitted electronically to the IRS.

7.   Professional tax preparers are assigned a Preparer Tax Identification Number (PTIN).   PTINs can be acquired by signing up online.   Unless they maintain a certification such as a CPA or enrolled agent, PTIN applicants must submit to a competency test and online registration to acquire their PTIN.   The PTIN is a unique identifier that allows the IRS to know the preparer's identity without the preparer placing his/her SSN on the return.   The PTIN is placed in the Paid Preparer's Use Only section of the Form 1040 along with the preparer's name.

8.     The Schedule C is an attachment to the Form 1040 used to report income or loss from a business a taxpayer operated or a profession practiced by a sole proprietor. The Schedule A is an attachment to the Form 1040 used to report itemized deductions.

9.     The Earned Income Tax Credit (EITC), sometimes called EIC, is a tax credit to help the taxpayer keep more of what they earned.   It is a refundable tax credit for low to moderate income working individuals and families.   When EITC exceeds the amount of taxes owed, it results in a tax refund to those who claim and qualify for the credit.   To qualify, the taxpayer must meet certain requirements and file a tax return, even if they do not owe any tax or are not required to file.   The EITC is calculated based on the number of children the taxpayer claims on his/her return as dependents and his/her adjusted gross income.   As the adjusted gross income increases, the EITC amount increases until a certain point, in which it begins to phase out.   There is an optimal income level combined with number of children, in which the EITC reaches the maximum amount.

10.   Defendant **Ramona C. Johnson** managed/operated a tax preparation business located in Fort Worth, Texas, which she began operating before January 2008, and continued operating through the relevant dates alleged in this indictment.   The business was known as Tax Office One as well as other names.   The ownership of the tax preparation business was not in **Johnson's** name, and neither were the EFINs associated with the business.

11.     Defendant **Nekia N. Everson**, **Johnson**'s daughter-in-law, was a return preparer for the tax preparation business.   At times, **Everson** was identified as an owner of the business.   Bank accounts for the business and the agreements with the refund bank were in her name.   **Everson** had an EFIN in her name that was used by the tax preparation business to E-File tax returns.

Count 1

Conspiracy to Aid and Assist in the Preparation and
Presentation of a False Tax Return
(Violation of 18 U.S.C. § 371 (26 U.S.C. § 7206(2)))

1.      The Introduction to this indictment is realleged and incorporated by

reference as though fully set forth herein.

2.      Beginning before January 2008, and continuing through at least October

2011, in the Fort Worth Division of the Northern District of Texas, defendants **Ramona**

**C. Johnson** and **Nekia N. Everson** did knowingly and willfully conspire, combine,

confederate, and agree with each other, and with others, known and unknown, to willfully

aid and assist in, procure, counsel and advise the preparation and presentation to the

Internal Revenue Service of individual income tax returns which were false and

fraudulent as to material matters, that is, the tax returns claimed exemptions, deductions,

credits, and refunds to which the defendants knew the taxpayers were not entitled to

claim, in violation of 26 U.S.C. § 7206(2).

Objects of the Conspiracy

3.      It was a part of the conspiracy that **Johnson** and **Everson** and those

working with them would prepare and file false and fraudulent tax returns which would

include various false and fraudulent schedules, deductions, exemptions, and credits with

the goal of reducing the taxes owed by the taxpayers and obtaining larger refunds than

the taxpayers were lawfully entitled to receive under the Internal Revenue laws.

**Superseding Indictment - Page 5 of 25**

As a result of obtaining larger refunds based on the fraudulent returns for the taxpayer clients, the defendants were able to charge higher fees for preparing returns, build client loyalty, and increase business through client referrals.

<u>Manner and Means</u>

4.       Defendants **Ramona C. Johnson** and **Nekia N. Everson** used and caused to be used the following manner and means, among others, to carry out the conspiracy:

5.       The EFINs allowing Tax Office One to operate as an ERO authorized to file tax returns electronically with the IRS and to facilitate rapid refunds for taxpayers were not in **Johnson**'s name but belonged to **Everson** and other relatives.

6.       The ownership of the business, the agreement with the refund bank for handling the refunds and tax preparation fees, and the bank accounts where the preparation fees were deposited were not in **Johnson**'s name but in **Everson**'s name at one point, and later, were controlled by other relatives.

7.       **Johnson** primarily utilized family members, including **Everson**, as return preparers and employees in the business.

8.       Even though **Johnson** would prepare many of the tax returns herself, she would not be listed as the preparer on most of the returns she prepared.    Instead, various family members and a family friend were identified as having prepared the tax returns. The actual tax preparer was seldom listed on the return filed.

9.     In order to accomplish the goal of reducing taxable income, **Johnson** and

**Everson** and those working with them, created false and fraudulent Schedule C

(reporting business losses/profits) and Schedule A (reporting itemized deductions) forms

to accompany the taxpayer's Form 1040.

10.     The taxpayers would often be asked about their personal expenses, such as

expenses associated with commuting to and from work, cell phone, automobile, and

clothes, etc.   The information would often then be fraudulently listed on the Schedule C

as business expenses or as unreimbursed employee expenses on a Schedule A.   On some

returns, **Johnson** and **Everson** would completely fabricate a Schedule C business,

including income and expense items.   On some Schedules A, **Johnson** would include

false and fraudulent medical expenses and/or charitable contributions.   The resulting

fraudulent schedules would reflect substantial losses or deductions, and would reduce the

taxpayer's taxable income.

11.     For some taxpayers, **Johnson** would create a false and fraudulent Schedule

C reflecting the taxpayer had a profit from a non-existent business.   This false profit,

together with claimed dependents (both fraudulent and actual), would be used to claim

the taxpayer was entitled to an earned income tax credit (EITC).

12.     In addition to the false schedules to increase the tax refunds due to clients,

**Johnson,** and those working with her, would include false dependent exemptions on tax

returns for some clients.   In some instances, **Johnson,** or someone working with her,

would acquire various personal identities, the names and social security numbers, of individuals with no connection to the taxpayer to use as false dependents on tax returns prepared for clients. When included on the taxpayer's tax return, the false dependents would increase the number of exemptions, increase the deduction for exemptions, and often, entitle the taxpayer to an earned income tax credit (EITC).

13. **Johnson, Everson,** and those working with them would use the substantial losses reported in the false Schedule C and the false deductions in the Schedule A to offset the taxpayer's income. The reduction in taxable income resulted in clients owing less in taxes and receiving refunds to which they were otherwise not entitled under the Internal Revenue laws. As a result, the taxpayers were recovering all or most of their tax withholding, and in many instances, were becoming eligible for refundable tax credits.

14. **Johnson**'s tax preparation business collected over $1.9 million in tax preparation fees from clients between January 2008 and October 2011.

<u>Overt Acts in Furtherance of the Conspiracy</u>

15. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed by at least one of the defendants:

16. On or about January 5, 2009, **Johnson,** or someone at her direction, prepared and caused to be filed a false and fraudulent Form 1040, U.S. Individual Income Tax Return for Genia J. for calendar year 2008.

**Superseding Indictment - Page 8 of 25**

17.    On or about January 13, 2010, **Johnson,** or someone at her direction, prepared and caused to be filed a false and fraudulent Form 1040, U.S. Individual Income Tax Return for Genia J. for calendar year 2009.

18.    On or about January 7, 2011, **Johnson,** or someone at her direction, prepared and caused to be filed a false and fraudulent Form 1040, U.S. Individual Income Tax Return for Genia J. for calendar year 2010.

19.    The acts alleged in Counts 3 through 34 are hereby re-alleged and incorporated as overt acts in furtherance of the conspiracy.

All in violation of 18 U.S.C. § 371 (26 U.S.C. 7206(2)).

Count 2
Aid and Assist in the Preparation and
Presentation of a False Tax Return
(Violation of 26 U.S.C. § 7206(2))

1.   The Introduction to this indictment is realleged and incorporated by reference as though fully set forth herein.

2.   On or about February 13, 2008, in the Northern District of Texas, defendant **Ramona C. Johnson** did knowingly and willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, of taxpayers Stephen B. and Pamela B. for the calendar year 2007, that was false and fraudulent as to a material matter, in that, it represented the taxpayers were entitled under the Internal Revenue laws to claim business losses in the amount of $74,710, when, as the defendant knew, the taxpayers were not entitled to claim a business loss in the amount claimed.

In violation of 26 U.S.C. § 7206(2).

<u>Count 3</u>
Aid and Assist in the Preparation and
Presentation of a False Tax Return
(Violation of 26 U.S.C. § 7206(2))

1.   The Introduction to this indictment is realleged and incorporated by reference as though fully set forth herein.

2.   On or about February 19, 2009, in the Northern District of Texas, defendant **Ramona C. Johnson** did knowingly and willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, of taxpayers Andy C. and Amanda C. for the calendar year 2008, that was false and fraudulent as to a material matter, in that, it represented the taxpayers were entitled under the Internal Revenue laws to claim business losses in the amount of $40,203, when, as the defendant knew, the taxpayers were not entitled to claim a business loss in the amount claimed.

In violation of 26 U.S.C. § 7206(2).

<u>Counts 4-24</u>
Aid and Assist in the Preparation and
Presentation of a False Tax Return
(Violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2)

    1.   The Introduction to this indictment is realleged and incorporated by reference as though fully set forth herein.

    2.   For each count listed below, on or about the date specified, in the Fort Worth Division of the Northern District of Texas, defendants **Ramona C. Johnson** and **Nekia N. Everson**, as specified, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, and accompanying schedules, for the taxpayer and for the calendar tax year specified, that was false and fraudulent as to a material matter, in that, it represented the taxpayer was entitled under the Internal Revenue laws to claim deductions and business losses from total income, and a refund in the amounts specified, when, as the defendant knew, the taxpayer was not entitled to claim a business loss, deduction, and a refund in the amounts claimed:

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 4 | February 2, 2010 | Ramona C. Johnson | Andy C. & Amanda. C | 2009 | False Schedule C Business Loss - $33,421 (Line 12)<br><br>Refund Amount - $8,978 (Line 73a) |

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 5 | February 16, 2011 | Ramona C. Johnson | Andy C. & Amanda. C | 2010 | False Schedule A Deduction - $46,799 (Line 40)<br><br>Refund Amount - $12,790 (Line 74a) |
| 6 | February 4, 2009 | Ramona C. Johnson | Nolan C. & Angela C. | 2008 | False Schedule C Business Loss - $27,745 (Line 12)<br><br>Refund Amount - $15,700 (Line 73a) |
| 7 | February 15, 2010 | Ramona C. Johnson | Nolan C. & Angela C. | 2009 | False Schedule C Business Loss - $31,600 (Line 12)<br><br>Refund Amount - $7,379 (Line 73a) |
| 8 | February 21, 2011 | Ramona C. Johnson | Nolan C. & Angela C. | 2010 | False Schedule C Business Loss -$8,126 (Line 12)<br><br>False Schedule A – Deduction $24,220 (Line 40)<br><br>Refund Amount - $5,840 (Line 74a) |
| 9 | January 29, 2009 | Ramona C. Johnson | Edward C. & Riska C. | 2008 | False Schedule C Business Loss - $32,035 (Line 12)<br><br>Refund Amount - $5,631 (Line 73a) |
| 10 | February 10, 2011 | Ramona C. Johnson | Edward C. & Riska C. | 2010 | False Schedule C Business Loss - $37,161 (Line 12)<br><br>Refund Amount - $8,503 (Line 74a) |

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 11 | February 12, 2009 | Ramona C. Johnson | Craig D. & Getonya D. | 2008 | False Schedule C Business Loss - $25,890 (Line 12)<br><br>Refund Amount - $7,228 (Line 73a) |
| 12 | January 15, 2010 | Ramona C. Johnson | Getonya D. | 2009 | False Schedule C Business Loss - $28,362 (Line 12)<br><br>Refund Amount - $6,240 (Line 73a) |
| 13 | February 17, 2010 | Ramona C. Johnson | Chance R. | 2009 | False Schedule C Business Loss - $32,890 (Line 12)<br><br>Refund Amount - $9,382 (Line 73a) |
| 14 | February 15, 2011 | Ramona C. Johnson | Chance R. | 2010 | False Schedule C Business Loss- $17,972 (Line 12)<br><br>False Schedule A – Deduction $18,445 (Line 40)<br><br>Refund Amount - $5,996 (Line 74a) |
| 15 | January 22, 2010 | Ramona C. Johnson | Angela R. | 2009 | False Schedule C Business Loss - $28,529 (Line 12)<br><br>Refund Amount - $6,654 (Line 73a) |
| 16 | February 25, 2011 | Ramona C. Johnson | Angela R. | 2010 | False Schedule C Business Loss - $21,554 (Line 12)<br><br>Refund Amount - $7,717 (Line 74a) |

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 17 | April 11,2009 | Nekia N. Everson | Michael M. & Natalie M. | 2008 | False Schedule C Business Loss - $53,304 (Line 12)<br><br>Refund Amount - $6,517 (Line 73a) |
| 18 | January 20, 2010 | Ramona C. Johnson | Michael M. & Natalie M. | 2009 | False Schedule C Business Loss - $44,547 (Line 12)<br><br>Refund Amount - $7,140 (Line 73a) |
| 19 | January 28, 2011 | Nekia N. Everson | Michael M. & Natalie M. | 2010 | False Schedule C Business Loss - $37,003 (Line 12)<br><br>Refund Amount- $7,541 (Line 74a) |
| 20 | January 23, 2009 | Ramona C. Johnson | Ronald T. | 2008 | False Schedule C Business Loss - $29,325 (Line 12)<br><br>Refund Amount - $5,624 (Line 73a) |
| 21 | January 28, 2010 | Ramona C. Johnson | Ronald T. | 2009 | False Schedule C Business Loss - $26,916 (Line 12)<br><br>Refund Amount - $5,603 (Line 73a) |
| 22 | February 18, 2011 | Ramona C. Johnson | Ronald T. | 2010 | False Schedule A Deduction - $26,349 (Line 40)<br><br>Refund Amount - $6,022 (Line 74a) |
| 23 | February 16, 2009 | Ramona C. Johnson | Garry C. & Rebecca C. | 2008 | False Schedule C Business Loss - $45,866 (Line 12)<br><br>Refund Amount - $9,299 (Line 73a) |

**Superseding Indictment - Page 15 of 25**

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 24 | February 2, 2009 | Ramona C. Johnson | Stephen B. & Pamela B. | 2008 | False Schedule C Business Loss - $42,740 (Line 12)<br><br>Refund Amount - $7,786 (Line 73a) |

Each count being a violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2.

<u>Counts 25-33</u>
Aid and Assist in the Preparation and
Presentation of a False Tax Return
(Violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2)

1.    The Introduction to this indictment is realleged and incorporated by reference
as though fully set forth herein.

2.    For each count listed below, on or about the date specified, in the Fort Worth
Division of the Northern District of Texas, defendants **Ramona C. Johnson** and **Nekia
N. Everson**, as specified, did willfully aid and assist in, and procure, counsel, and advise
the preparation and presentation to the Internal Revenue Service of a U.S. Individual
Income Tax Return, Form 1040, and accompanying schedules, for the taxpayer and for the
calendar tax year specified, that was false and fraudulent as to a material matter, in that, it
represented the taxpayer was entitled under the Internal Revenue laws to claim the
exemption, deduction, credit, and refund as specified for each count, when, as the
defendant knew, the taxpayer was not entitled to claim the exemption, deduction, credit,
and refund as claimed:

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 25 | March 5, 2010 | Ramona C. Johnson | Amber O. | 2009 | Falsely claimed Cassey M. as a dependent (Line 6c)<br><br>Total exemptions claimed- 2 (Line 6d)<br><br>Exemptions - $7,300 (Line 26)<br><br>Earned Income Credit- $2,763 (Line 41a)<br><br>Refund - $3,586 (Line 46a) |
| 26 | February 10, 2009 | Ramona C. Johnson | Amiya W. | 2008 | Falsely claimed Justin P. as a dependent (Line 6c)<br><br>Total exemptions claimed- 2 (Line 6d)<br><br>Exemptions - $7,000 (Line 26)<br><br>Earned Income Credit- $2,746 (Line 40a)<br><br>Refund - $3,002 (Line 45a) |
| 27 | February 17, 2009 | Ramona C. Johnson | Joyce S. | 2008 | Falsely claimed Gene C. as a dependent (Line 6c)<br><br>Total exemptions claimed- 3 (Line 6d)<br><br>False Schedule C Business Profit - $12,000 (Line 12)<br><br>Exemptions - $10,500 (Line 42)<br><br>Earned Income Credit- $4,470 (Line 64a)<br><br>Refund - $2,775 (Line 73a) |

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 28 | February 5, 2009 | Ramona C. Johnson | Shayonta B. | 2008 | Falsely claimed Karl G. as a dependent (Line 6c)<br><br>Total exemptions claimed- 2 (Line 6d)<br><br>False Schedule C Business Profit - $1,500 (Line 12)<br><br>Exemptions - $7,000 (Line 42)<br><br>Earned Income Credit- $2,917 (Line 64a)<br><br>Refund - $3,058 (Line 73a) |
| 29 | February 5, 2010 | Ramona C. Johnson | Marjorie R. | 2009 | Falsely claimed Jackie B. as a dependent (Line 6c)<br><br>Total exemptions claimed- 3 (Line 6d)<br><br>False Schedule C Business Profit - $8,727 (Line 12)<br><br>Exemptions - $10,950 (Line 42)<br><br>Earned Income Credit- $5,028 (Line 64a)<br><br>Refund - $4,362 (Line 73a) |

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 30 | March 2, 2011 | Ramona C. Johnson | Terrance H. | 2010 | Falsely claimed Jackie B. as a dependent (Line 6c)<br><br>Total exemptions claimed - 2 (Line 6d)<br><br>False Schedule C Business Profit - $2,800 (Line 12)<br><br>Exemptions - $7,300 (Line 42)<br><br>Earned Income Credit - $2,780 (Line 64a)<br><br>Refund - $2,809 (Line 74a) |
| 31 | January 8, 2009 | Ramona C. Johnson | Stephanie A. | 2008 | Falsely claimed Christopher C. and Gregg W. as dependents (Line 6c)<br><br>Total exemptions claimed - 3 (Line 6d)<br><br>False Schedule C Business Loss - $8,618 (Line 12)<br><br>Exemptions - $10,500 (Line 42)<br><br>Earned Income Credit - $4,164 (Line 64a)<br><br>Refund - $6,087 (Line 73a) |

**Superseding Indictment - Page 20 of 25**

| Count | Date | Defendant | Taxpayer | Calendar Tax Year | False Statements |
|---|---|---|---|---|---|
| 32 | March 13, 2013 | Nekia N. Everson | Stephanie A. | 2012 | Falsely claimed Patrick B. and Alton A. as dependents (Line 6c)<br><br>Total exemptions claimed -  3 (Line 6d)<br><br>False Schedule C Business Loss - $9,154 (Line 12)<br><br>Exemptions - $11,400 (Line 42)<br><br>Earned Income Credit - $4,302 (Line 64a)<br><br>Refund - $6,595 (Line 74a) |
| 33 | January 30, 2014 | Nekia N. Everson | Stephanie A. | 2013 | Falsely claimed Patrick B. and Alton A. as dependents (Line 6c)<br><br>Total exemptions claimed -  3 (Line 6d)<br><br>False Schedule C Business Loss - $9,598 (Line 12)<br><br>Exemptions - $11,700 (Line 42)<br><br>Earned Income Credit - $4,088 (Line 64a)<br><br>Refund - $6,581 (Line 74a) |

Each count being a violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2.

Count 34
Aid and Assist in the Preparation and
Presentation of a False Tax Return
(Violation of 26 U.S.C. § 7206(2))

1. The Introduction to this indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about January 27, 2010, a Special Agent of the IRS, in an undercover capacity using the assumed name L. P., visited Tax Office One and asked to have a tax return prepared. The Special Agent met defendant **Nekia N. Everson** and advised **Everson** that she had wage income (reflected in a W-2) of about $59,167. The Special Agent did not advise **Everson** that she had a business with income or expenses. **Everson** fabricated income and expenses from a purported Schedule C business, thereby substantially increasing the refund over the amount based only on the W-2 wage income.

3. On or about January 27, 2010, in the Northern District of Texas, defendant **Nekia N. Everson** did knowingly and willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of a U.S. Individual Income Tax Return, Form 1040, on behalf of undercover agent L.P., for the calendar year 2009, that was false and fraudulent as to a material matter, in that, it represented L.P. was entitled under the Internal Revenue laws to claim business losses in the amount of $8,325, and to claim a refund in the amount of $2,706, when, as the defendant knew, L.P. was not entitled to claim a business loss and a refund in the amounts claimed.

In violation of 26 U.S.C. § 7206(2).

<u>Count 35</u>
Filing a False Tax Return
(Violation of 26 U.S.C. § 7206(1))

    1.   The Introduction to this indictment is realleged and incorporated by reference as though fully set forth herein.

    2.   On or about March 4, 2010, in the Fort Worth Division of the Northern District of Texas, defendant **Ramona C. Johnson,** a resident of Fort Worth, Texas, did willfully make and subscribe a U.S. Individual Income Tax Return, for the calendar year 2009, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter. That income tax return, which was filed with the Internal Revenue Service, reported total income of $2,850, whereas, as she then and there well knew, the total income amount was not correct, in that, it did not include income that she received, but she failed to report, for her work preparing tax returns.

    In violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2

Count 36
Filing a False Tax Return
(Violation of 26 U.S.C. § 7206(1))

1.    The Introduction to this indictment is realleged and incorporated by reference as though fully set forth herein.

2.    On or about August 5, 2011, in the Fort Worth Division of the Northern District of Texas, defendant **Ramona C. Johnson,** a resident of Fort Worth, Texas, did willfully make and subscribe a joint U.S. Individual Income Tax Return, for the calendar year 2010, which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter.    That income tax return, which was filed with the Internal Revenue Service, reported total income of $16,906, whereas, as she then and there well knew, the total income amount was not correct, in that, it did not include income that she received, but she failed to report, for her work preparing tax returns.

In violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2.

A TRUE BILL

FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

MARK L. NICHOLS
Assistant United States Attorney
Texas State Bar No. 14997700
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:  817-252-5253
Facsimile:  817-252-5455

26 U.S.C. § 7206(1) and 18 U.S.C. § 2
Filing a False Tax Return
(COUNTS 35-36)

A true bill rendered:

FORT WORTH                                      FOREPERSON

Filed in open court this 12th day of November, A.D. 2014.

Both defendants on Pretrial Release

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE UNITED STATES OF AMERICA

VS.

RAMONA C. JOHNSON (01)
NEKIA N. EVERSON (02)

SUPERSEDING INDICTMENT

18 U.S.C. § 371 (26 U.S.C. § 7206(2))
Conspiracy to Aid and Assist in the Preparation
and Presentation of a False Tax Return
(COUNT 1)

26 U.S.C. § 7206(2)
Aid and Assist in the Preparation
and Presentation of a False Tax Return
(COUNTS 2-3)

26 U.S.C. § 7206(2) and 18 U.S.C. § 2
Aid and Assist in Preparation and
Presentation of a False Tax Return
(COUNTS 4-24)

26 U.S.C. § 7206(2) and 18 U.S.C. § 2
Aid and Assist in Preparation and
Presentation of a False Tax Return
(COUNTS 25-33)

26 U.S.C. § 7206(2)
Aid and Assist in the Preparation and
Presentation of a False Tax Return
(COUNT 34)