Case 4:14-cr-00071-A Document 176 Filed 05/14/15 Page 1 of 7 PageID 1146

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 14 2015

CLERK, U.S. DISTRICT COURT
By _____ Deputy

# United States District Court
Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | Case Number: 4:14-CR-071-A(01) |
| RAMONA C. JOHNSON | § | |

## JUDGMENT IN A CRIMINAL CASE

The government was represented by Assistant United States Attorney Mark L. Nichols. The defendant, RAMONA C. JOHNSON, was represented by John R. Teakell.

The defendant was found guilty during a bench trial of the offenses charged by counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 35, and 36 of the third superseding indictment on November 19, 2014, after having entered a plea of not guilty. Accordingly, the court ORDERS that the defendant be, and is hereby, adjudged guilty of the offenses charged by such counts as follows:

| Title & Section / Nature of Offense | Date Offense Concluded | Count |
|---|---|---|
| 18 U.S.C. § 371 (26 U.S.C. § 7206(2)) Conspiracy to Aid and Assist in the Preparation and Presentation of a False Tax Return | 10/2011 | 1 |
| 26 U.S.C. § 7206(2) Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/13/2008 | 2 |
| 26 U.S.C. § 7206(2) Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/19/2009 | 3 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/02/2010 | 4 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/16/2011 | 5 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/04/2009 | 6 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/15/2010 | 7 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/21/2011 | 8 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/29/2009 | 9 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/12/2009 | 11 |

| | | |
|---|---|---|
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/15/2010 | 12 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/17/2010 | 13 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/15/2011 | 14 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/22/2010 | 15 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/25/2011 | 16 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/20/2010 | 18 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/23/2009 | 20 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/28/2010 | 21 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/18/2011 | 22 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/16/2009 | 23 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/02/2009 | 24 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 3/05/2010 | 25 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/10/2009 | 26 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/17/2009 | 27 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 2/05/2010 | 29 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 3/02/2011 | 30 |
| 26 U.S.C. § 7206(2) and 18 U.S.C. § 2 Aid and Assist in the Preparation and Presentation of a False Tax Return | 1/08/2009 | 31 |
| 26 U.S.C. § 7206(1) and 18 U.S.C. § 2 Filing a False Tax Return | 3/04/2010 | 35 |
| 26 U.S.C. § 7206(1) and 18 U.S.C. § 2 Filing a False Tax Return | 8/05/2011 | 36 |

On motion of the United States, the court ORDERS as to this defendant that the original indictment, first superseding indictment, second superseding indictment and counts 10 and 28 of the third superseding indictment be, and are hereby, dismissed.

As pronounced and imposed on May 13, 2015, the defendant is sentenced as provided in the judgment.

The court ORDERS that the defendant immediately pay to the United States, through the Clerk of this Court, a special assessment of $2,900.00.

The court further ORDERS that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence address, or mailing address, as set forth below, until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court, through the clerk of this court, and the Attorney General, through the United States Attorney for this district, of any material change in the defendant's economic circumstances.

## IMPRISONMENT

The court further ORDERS that the defendant be, and is hereby, committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 20 months on Count 1; 5 months on each of Counts 2 through 9; 5 months on each of Counts 11 through 16; 5 months on Count 18; 5 months on each of Counts 20 through 27; 5 months on each of Counts 29 through 31; and 10 months each of Counts 35 and 36, all to run consecutively to each other. The total aggregate period of imprisonment is 170 months.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons on or before 2:00 P.M., on June 5, 2015.

## SUPERVISED RELEASE

The court further ORDERS that, upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years on count 1 and one (1) year per count on each of counts 2 through 9, 11 through 16, 18, 20 through 27, 29 through 31, 35 and 36, to run concurrently with each other and to Count 1 and that while on supervised release, the defendant shall comply with the following conditions:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not possess illegal controlled substances.

3. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

4. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the $14,782,524 obligation.

5. The defendant shall cooperate with the IRS, file all outstanding tax returns, and comply with any IRS requirements to pay delinquent taxes, penalties, and interest according to the schedule of payments that the IRS imposes.

6. If, upon commencement of the term of supervised release, any part of the $14,782,524 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $400 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

7. The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of tax preparation without the probation officer's approval.

8. The defendant shall also comply with the Standard Conditions of Supervision as hereinafter set forth.

## Standard Conditions of Supervision

1. The defendant shall report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

3. The defendant shall provide to the U.S. Probation Officer any requested financial information.

4. The defendant shall not leave the judicial district without the permission of the Court or U.S. Probation Officer.

5. The defendant shall report to the U.S. Probation Officer as directed by the court or U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

6. The defendant shall answer truthfully all inquiries by the U.S. Probation Officer and follow the instructions of the U.S. Probation Officer.

7. The defendant shall support his or her dependents and meet other family responsibilities.

8. The defendant shall work regularly at a lawful occupation unless excused by the U.S. Probation Officer for schooling, training, or other acceptable reasons.

9. The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

10. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

11. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer.

13. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the U.S. Probation Officer.

14. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

15. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

The court hereby directs the probation officer to provide defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, as contemplated and required by 18 U.S.C. § 3583(f).

## FINE

The court did not order a fine because the defendant does not have the financial resource or future earning capacity to pay a fine.

## RESTITUTION

The court further orders that defendant shall make restitution, jointly and severally with co-defendant Nekia N. Everson, 4:14-CR-071-A(02), in the amount of $14,782,524. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to the victim whose name and loss amount is listed below:

Internal Revenue Service
333 W. Pershing Avenue
Kansas City, Missouri 64108
$14,782,524

STATEMENT OF REASONS

The "Statement of Reasons" and personal information about the defendant are set forth on the attachment to this judgment.

Signed this the 14th day of May, 2015.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

RETURN

I have executed the imprisonment part of this Judgment as follows:

_____
_____
_____

Defendant delivered on _____, 2015 to _____
at _____, with a certified copy of this Judgment.


United States Marshal for the
Northern District of Texas

By _____
   Deputy United States Marshal